[ECF No. 12]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IRIS RAND, *as Administratrix Ad Prosequendum for Z.W., a minor child*, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COREY MCKONNEN DUNCAN, JR., et al.,<br><br>　　　　　Defendants. | Civil No. 23-2938 (KMW/MJS) |

**O P I N I O N   A N D   O R D E R**

　　This matter is before the Court upon the motion to compel the compliance of non-party New Jersey Turnpike Authority ("NJTA") with a subpoena duces tecum ("Motion"), filed by plaintiffs Iris Rand, as administratix ad prosequendum for Z.W., a minor child, and Tamra Dominguez-Walker, as administratix ad prosequendum for D.D., a minor child ("Plaintiffs") [ECF No. 12]; and

　　**WHEREAS**, the incident underlying this case involved a car accident at a New Jersey Turnpike toll plaza [ECF Nos. 1-1; 12-3]; and

　　**WHEREAS**, Plaintiffs issued a subpoena duces tecum to NJTA on June 10, 2023 for "[a]ny and all videos from any angle from any NJ Turnpike property capturing the April 19, 2022 tractor trailer

1

crash which took place at the Toll Booth exit/entrance at or near Mile Mark '0' involving Corey Duncan." ECF Nos. 12-6; 12-1 ¶ 9 and

**WHEREAS**, NJTA responded to Plaintiffs' counsel on June 30, 2023, explaining that it "cannot release responsive video upon the current Subpoena Duces Tecum from your office" but that it "continue[s] to preserve responsive video until such time as our office receives the requisite subpoena/order for release." ECF No. 12-7 at 1;[1] and

**WHEREAS**, no defendants have filed an opposition to the Motion;[2] and

**WHEREAS**, NJTA has not filed a motion to quash or any other filing in response to Plaintiffs' Motion; and

---

[1] Plaintiffs had previously served a request pursuant to the New Jersey Open Public Records Act on NJTA for the subject records on May 5, 2022 [ECF No. 12-7 at 3], but NJTA denied that request on May 6, 2022, explaining that it was "precluded from releasing any and all information obtained from its toll collection monitoring system unless the request is made by law enforcement personnel for purposes of toll enforcement, or pursuant to a subpoena in a criminal matter that is issued by a grand jury or a criminal superior court order." ECF No. 12-5. Plaintiffs subsequently served the subpoena duces tecum that is the subject of the current Motion.

[2] Only one defendant, Maverick Logistics, LLC, ("Maverick") has filed a responsive pleading to Plaintiffs' complaint. Maverick removed the case to this Court on May 30, 2023 [ECF No. 1] and filed a motion to dismiss on June 6, 2023. ECF No. 3. It is not entirely clear to the Court that service has been effected on or waived by any of the other defendants, although counsel represents in the Motion that counsel has had "pretrial conversations" with counsel for Duncan Transportation Services. ECF No. 12-1 at 3.

**WHEREAS**, the Court has not yet convened an initial scheduling conference in this case, see supra note 2; and

**WHEREAS**, Federal Rule of Civil Procedure 26(d)(1) ("Rule 26(d)"), which governs the "timing and sequence of discovery," states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); see also NRA Grp., LLC v. Durenleau, 340 F.R.D. 94, 97-98 (M.D. Pa. 2021) (citing Elite Lighting v. DMF, Inc., Civ. No. 13-1920, 2013 WL 12142840, at *3-4 (C.D. Cal. May 6, 2013) (concluding that third-party subpoenas issued prior to the Rule 26(f) conference constituted a clear violation of Rule 26(d)(1))); and

**WHEREAS**, Federal Rule of Civil Procedure 26(f)(1) ("Rule 26(f)") provides that, "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). "In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about

3

preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2) (emphasis added); and

**WHEREAS**, it appears that counsel for Plaintiffs and counsel for Duncan Transportation Services have had "pretrial conversations" and that in those conversations counsel appear to have discussed "possible Rule 26 disclosures" and the surveillance video in question [ECF No. 12 at 4 ¶ 7]. However, it is not clear to the Court (1) whether counsel had a conference pursuant to Rule 26(f) because the Court has not yet set an initial scheduling conference in this case or set scheduling deadlines, the parties have not submitted a proposed discovery plan, and no defendant other than Maverick, who filed a motion to dismiss [ECF No. 3], has filed a responsive pleading following the removal, and (2) whether counsel for Maverick was involved in the "pretrial conversations" between counsel for Plaintiffs and Duncan Transportation Services; and

**WHEREAS**, the Court may grant a party leave to issue a subpoena prior to the Court's Rule 26(f) conference upon a showing of good cause, which often arises when the identity of one of the parties is not known, therefore making the parties unable to meet and confer as required by Rule 26(f). See, e.g., Manny Film LLC v. Doe, 98 F. Supp. 3d 693 (D.N.J. 2015) (finding good cause for plaintiff to issue a subpoena prior to Rule 26(f) conference so that plaintiff could learn the identity of the defendants); Good

4

Man Productions, Inc. v. Doe, Civ. No. 14-7906, 2015 WL 892941 (D.N.J. Mar. 2, 2015) (same); and

**WHEREAS**, the Court is unable to grant Plaintiffs' Motion on the record currently before it.[3]

Accordingly, **IT IS** on this **25th day** of **August 2023**,

**ORDERED** that Plaintiffs' motion to compel NJTA's compliance with the June 30, 2023 subpoena duces tecum [ECF No. 12] is **DENIED without prejudice**; and it is further

**ORDERED** that counsel shall certify that there has been a Rule 26(f) conference and submit a discovery plan to the Court consistent with Rule 26(f)(2) and (3); and it is further

**ORDERED** that if there has not been a Rule 26(f) conference because Maverick has moved to dismiss or if Plaintiffs wish to seek leave of Court to issue the subject subpoena prior to the Rule 26(f) conference, counsel shall submit a letter to the Court and the Court will convene a conference call to further address this subpoena and discovery/scheduling issues in this case.

                                      s/ Matthew J. Skahill
                                      MATTHEW J. SKAHILL
                                      United States Magistrate Judge

cc: Hon. Karen M. Williams
    United States District Judge

---

[3] Plaintiffs did not seek leave of Court before issuing the subpoena to NJTA, and it is not clear that the parties sufficiently met and conferred before issuing the subpoena.

5